IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PETER and SUSAN HOROWITZ, ) <br> *Residents of Montgomery County, MD*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. _____ |

## **COMPLAINT**

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury in accordance with 31 U.S.C. § 3711(g)(4)(C), and at the direction of the Attorney General of the United States, brings this civil action to collect the penalties assessed against Peter and Susan Horowitz under 31 U.S.C. § 5321(a)(5) for their failure to report an interest in a foreign bank account for the calendar years 2007 and 2008. In support of this action, the United States alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1396 because Defendants Peter and Susan Horowitz reside in this district.

### PARTIES

3. The Plaintiff is the United States of America.

13961020.1

4. Defendants Peter and Susan Horowitz reside in Bethesda, Maryland within the jurisdiction of this Court.

## DEFENDANTS' FAILURE TO REPORT THEIR INTEREST IN A FOREIGN FINANCIAL ACCOUNT

5. Pursuant to 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350, all citizens and residents of the United States who have a financial interest in, or signatory or other authority over, any foreign financial account that had a maximum value greater than $10,000 at any time during a calendar year are required to file an annual report disclosing the existence of each account.

6. The annual report, known as the Report of Foreign Bank and Financial Accounts ("FBAR") for a calendar year is due no later than June 30 of the year following the calendar year. 31 C.F.R. § 1010.306(c).

7. All persons who are required to file a Schedule B to their federal income tax returns (Forms 1040) are required to disclose whether at any time during that tax year they had a financial interest in or signatory authority over a financial account located in a foreign country.

8. In 1984, Peter Horowitz accepted employment at the King Faisal Hospital in Riyadh, Saudi Arabia as an anesthesiologist. He was accompanied by his wife, Susan, who later accepted employment at the United States embassy as a mental health consultant. Peter and Susan opened a joint account at a Saudi bank where their paychecks were deposited.

9. In 1988, the Horowitzes opened a joint account in Foreign Commerce Bank in Switzerland. The account was funded with income earned while the Defendants resided in Saudi Arabia.

10. In 1992, the Horowitzes left Saudi Arabia and moved to Glendale, Arizona. The Defendants moved all of their possessions back to the United States and closed their Saudi bank account; however, they did not close their Swiss bank account.

11. In 1994, Peter returned to Saudi Arabia to work as an anesthesiologist at a different hospital in a different city.

12. In 1994, the Defendants closed their account at Foreign Commerce Bank and used the funds from that account to open a joint account with UBS AG in Switzerland.

13. The UBS account was a "hold mail" account in which the bank agreed to hold statements at the bank for pickup or inspection by the account holders rather than mailing them to account holders on a periodic basis. "BLST Zurich" is the only information that appeared in the address field of the Defendants' UBS bank account statements. UBS typically charged a fee for this "hold mail" service.

14. The Defendants' funds held by UBS were invested in interest-bearing bonds, certificates of deposits, and a money market fund.

15. In 2001, the Defendants left Saudi Arabia and returned to the United States. When they left Saudi Arabia, the Horowitzes once again moved all of their possessions back to the United States and closed all foreign accounts with the exception of the joint account at UBS AG in Switzerland.

16. From 2003 through November of 2008, the Defendants neither deposited nor withdrew funds from the UBS account.

17. Since the 1970s, the Horowitzes have retained the same accounting firm to prepare their tax returns. The Horowitzes would send the return preparer a self-prepared tax information summary sheet along with all year-end tax documents received. While living in Saudi Arabia, the tax information summary sheet included the wages the Horowitzes earned while working there, even though they did not receive Forms W-2. However, the summary sheets never included foreign investment income derived from the Swiss accounts.

18. On their tax returns for 2003 through 2008, inclusive, the Horowitzes checked "No" on Line 7a of Schedule B of their Federal income tax return for each year, which asks whether the taxpayer has a "financial interest in or signature authority over a financial account… located in a foreign country." The Defendants checked "No" even though they knew they had an interest in a Swiss bank account(s). Line 7 also discusses the FBAR filing requirement.

19. During 2007 and 2008, the periods at issue in this suit, the aggregate amount in the UBS and later Finter Bank accounts (see below) exceeded $10,000 in U.S. currency.

20. In 2008 news sources reported that UBS was under investigation for helping clients from the United States to evade taxes.

21. In November of 2008, Peter Horowitz traveled alone to Zurich, Switzerland to close the joint account at UBS. He transferred the funds, approximately $1,955,000, to a new jointly owned numbered account at Finter Bank in Zurich, Switzerland. A numbered account does not bear the account holder's name, and his or her name does not appear on any statement or report generated on the account. Like the UBS bank account, the Finter Bank account had a "hold mail" arrangement.

22. Up until April of 2010, the Defendants never filed FBARs relating to the Swiss bank accounts and did not report any interest income generated from these Swiss accounts on their federal income tax returns.

23. In April of 2010, the Horowitzes, for the first time, timely filed FBARs for the 2009 calendar year, reporting ownership in a foreign financial account.

24. In 2010, the Defendants closed their joint account at Finter Bank in Switzerland and transferred the funds to a U.S. Bank.

13961020.1

25. After closing the Finter Bank Account, the Defendants, as part of the Department of Justice's Offshore Voluntary Disclosure Program, made a voluntary disclosure of their Swiss accounts to the federal government. In accordance with the terms of acceptance into the program, the Defendants filed delinquent FBAR returns for 2003 through 2008, inclusive, and amended Forms 1040 income tax returns for the 2003 through 2008, inclusive, to report previously undisclosed income from foreign accounts.

26. In December of 2012, the Horowitzes elected to opt out of the Offshore Voluntary Disclosure Program.

## CLAIM FOR RELIEF

27. The Defendants were subject to the reporting requirements contained in 31 U.S.C. § 5314 for the 2007 and 2008 calendar years because they were United States citizens, had an interest in and/or signatory authority over the UBS and Finter Bank accounts, and the balance of the UBS and Finter Bank accounts exceeded $10,000.

28. The Defendants violated the reporting requirements of 31 U.S.C. §§ 5314 because they failed to timely file FBARs for 2007 and 2008.

29. Section 5321(a)(5) provides for civil penalties for the failure to comply with the reporting requirements of Section 5314. 31 U.S.C. § 5314, 5321(a)(5).

30. The Defendants knew, or should have known, that they were required to file FBARs disclosing their interests in foreign bank accounts.

31. The Defendants' failure to comply with the reporting requirements was willful under 31 U.S.C. § 5321(a)(5).

32. On June 13, 2014, a delegate of the Secretary of the Treasury made an assessment of civil penalties against the Defendants under 31 U.S.C. § 5321(a)(5).

33. The amount of the assessments described in Paragraph 32 against Peter Horowitz was $247,030 for 2007 and $247,030 for 2008.

34. The amount of the assessments described in Paragraph 32 against Susan Horowitz was $247,030 for 2007 and $247,030 for 2008.

35. A delegate of the Secretary of the Treasury gave notice of the assessments described above to the Defendants and demanded payment of the assessments from the Defendants.

36. Despite the notice and demand for payment, the Defendants have failed to pay the penalties assessed against them.

37. Interest and penalties have accrued and will continue to accrue on the penalty assessments described above pursuant to 31 U.S.C. § 3717.

38. As of May 19, 2016, Peter Horowitz is indebted to the United States in the amount of $560,954.37, plus statutory additions which continue to accrue thereafter as provided by law.

39. As of May 19, 2016, Susan Horowitz is indebted to the United States in the amount of $560,954.37, plus statutory additions which continue to accrue thereafter as provided by law.

//




//




//

13961020.1

WHEREFORE, the Plaintiff, the United States of America, respectfully prays as follows:

A. That the Court enter judgment in favor of the United States and against Peter Horowitz in the amount of $560,954.37 for the penalties assessed against him under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and further statutory additions thereon as allowed by law from May 19, 2016 to the date of payment; and

B. That the Court enter judgment in favor of the United States and against Susan Horowitz in the amount of $560,954.37 for the penalties assessed against her under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and further statutory additions thereon as allowed by law from May 19, 2016 to the date of payment; and

C. That the Court award such other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

DATED: June 9, 2016

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

ROD J. ROSENSTEIN
United States Attorney

*/s/ Stephen A. Josey*_____
STEPHEN A. JOSEY
TN BPR #: 031179
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
202-307-1427 (v)
202-514-6866 (f)
Stephen.a.josey@usdoj.gov