

U.S. Department of Justice

Tax Division

*Civil Trial Section, Eastern Region*

DAH:DSM:NKumar      P.O. Box 227      Telephone: 202-514-2986
                              Washington, D.C. 20044    Facsimile: 202-514-6866

December 15, 2017

The Honorable Paul W. Grimm
United Stated District Court for the District of Maryland
6500 Cherrywood Ln,
Greenbelt, MD 20770

         Re: <u>United States of America v. Peter and Susan Horowitz (16-cv-1997)</u>

Dear Judge Grimm,

       Per the Court's ruling on the December 14 letter order, the United States writes to explain its objection to Defendants' third set of requests for production ("the Requests"). The Requests are not relevant to any claim or defense in this case, and thus improper under Rule 26. The Requests are also out of time.

*The Requests seek irrelevant information because the analysis, opinions and factual determinations of the IRS and its personnel play no part in this case*

       This action concerns the Defendants' willful failure to report Swiss bank accounts they held in 2007 and 2008, in violation of the Report of Foreign Bank and Financial Accounts ("FBAR") statute. Defendants' Requests, now narrowed, are for: (a) Revenue Agent Kevin Oravec's training materials on the FBAR statute; (b) hardcopy material he may possess from the IRS's examination of the Defendants' FBAR liability (not already in the IRS's file on this matter); (c) emails concerning the Horowitzes (not already in the IRS's file on this matter).

       Notably, the government has already produced <u>hundreds</u> of pages of non-privileged material found within the IRS's file regarding each Defendant's FBAR liability, guided in this task by the Internal Revenue Manual. *See* IRM 8.11.6.2 (on what constitutes part of an "FBAR Administrative Case File").

       Defendants now seek residual material that did not merit inclusion in the case file, in the quest to turn this suit into an evaluation of the experience, judgment and motives of Agent Oravec instead of the conduct of Defendants. By attacking the agent who carried out the examination, they hope to undermine the IRS's administrative finding that the Horowitzes willfully failed to report their Swiss bank accounts.

Defendants attack a strawman. In this case, neither the Court nor a jury will ever be asked to evaluate the merit of the IRS's administrative finding. Rather, the factfinder will conduct a *de novo* review of the Defendants' liability, weighing the evidence of their conduct to determine whether they committed a willful violation. The factfinder will reach its decision based on the merits of the case and not on any record developed at the administrative level. *United States v. Williams*, 2010 WL 3473311, at *1 (E.D. Va. Sept. 1, 2010) (internal citation omitted), *rev'd on other grounds*, *United States v. Williams*, 489 Fed. Appx. 655 (4th Cir. 2012); *see also United States v. McBride*, 908 F.Supp.2d 1186, 1201 (D. Utah 2012).

This *de novo* approach is consistent with other contexts in which the government seeks to enforce a tax assessment. *See, e.g.*, *National Right to Work Legal Def. & Educ. Fund. v. United States*, 487 F. Supp. 801, 805 (E.D.N.C. 1979) (in tax cases, "the court does not sit in judgment of the Commissioner; the court places itself in the shoes of the Commissioner"); *Katz v. United States*, 1992 WL 103006 (E.D. Pa. May 6, 1992) (because the standard of review is *de novo*, "it is not necessary to have any ancillary determination as to the procedures employed by the government in levying their assessment").

Because the merits of the IRS's assessments are not at issue,[1] the Requests — which exclusively seek material to call into question the analysis or judgment of the examining agent — are irrelevant. A court in another willful FBAR case, coming to the same conclusion, recently excluded all evidence concerning the "procedures, actions, analyses, or viewpoints of the Internal Revenue Service and its personnel at the administrative level regarding willfulness." *Bedrosian v. United States*, 2017 WL 3887520, a *3 (E.D. Pa. Sept. 5, 2017).

Nor are the attenuated Requests justified by the possibility that Agent Oravec will testify. The government may call on Oravec as a witness, to: (a) explain the purpose of various tax-related filings and point out the erroneous information that Defendants provided on their federal income tax forms; (b) set out a chronology of the assessment process *if* any question as to the date of the assessment continues past pretrial dispositive motions; (c) testify — possibly for impeachment — as to statements the Defendants made to him during their interview; (d) authenticate documents (tax returns, FBAR filings, his interview notes, etc.)

---

[1] The willfulness question is considered *de novo*, and the penalty amount is reviewed for an abuse of discretion. The IRS set the penalty amount at just a quarter of what the FBAR statute allows, and the Defendants have not contested as an abuse of discretion the (sub-maximal) penalty *amount* the IRS imposed, although they contest the application of the penalty in the first place. *See* Ex. A (Peter and Susan Horowitz's responses to Plaintiff's interrogatory no. 14).

Even were Defendants to challenge the IRS's reasonable exercise of its discretion to set the penalty within the statutory range, their "excess fines" claim would not implicate anything outside of the (already produced) administrative record of the assessment.

None of these areas of testimony implicate Agent Oravec's motives, experience or judgment, or call for discovery of records outside the case materials already produced.[2]

*The Requests are untimely reiterations of the overbroad portion of earlier discovery requests that the government properly responded to*

Defendants deposed Agent Oravec on November 13 and, invoking some of the agent's testimony, made the Requests on November 14, three days after the discovery deadline had passed. It was defense counsel that requested to move Oravec's deposition from August to September to mid-November, and responsibility for the untimely Requests lies with Defendants.

More importantly, focusing on the November 13 deposition is a red herring: Defendants were, or should have been, aware long before then that the government never intended to gather or produce stray emails from Agent Oravec in response to Defendants' July 2017 document request for "Any and all documents in the possession of the Plaintiff relating to this action or its subject matter, including but not limited to, all documents contained in the IRS administrative file created at IRS Examination and by IRS Office of Appeals."

While defense counsel professes shock that government counsel, in responding to the July request, never asked Oravec to locate emails that might exist outside of the "FBAR Administrative Case File," government counsel made clear long ago what he would produce. The government objected to the first part of the request (for "any and all documents") as vague, stated that it would only produce material from within the "IRS administrative file," construed that term to comprise fourteen enumerated categories of documents, and then, taking into account privilege, produced hundreds of pages of those documents in early August. *See* Ex. B, Response to Request no. 1. No surprise awaited Defense counsel during Agent Oravec's deposition, and Defendants never objected to the government's approach to production in the three months since receiving it.

To conclude, the Requests are irrelevant and inexcusably untimely, so Defendants are not entitled to the material they now seek.

                                                                         Respectfully,

                                                                         /s/ Nishant Kumar
                                                                         NISHANT KUMAR
                                                                         Trial Attorney
                                                                         Civil Trial Section, Eastern Region

---

[2] Indeed, because the analysis, opinions and determinations of the IRS are not relevant to this case, most of the case file material the government has already produced in response to Defendants' earlier request is likely to be irrelevant and inadmissible.

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document by filing it with the Court using the CM/ECF System on December 15, 2017.

          /s/ Nishant Kumar
NISHANT KUMAR
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227
Washington, DC 20044
Tel: (202) 514-2986
Fax: (202) 514-6866
Nishant.kumar@usdoj.gov